JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

UNITED SPECIALTY INSURANCE COMPANY

## DEFENDANTS

PORTO CASTELO, INC. AND TRIDENT CIRCLE, INC.

**(b)** County of Residence of First Listed Plaintiff   Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Harris
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gray Reed & McGraw P.C., Julia M. Palmer, 1300 Post Oak Blvd., Suite 2000, Houston, Texas 77056, (713)986-7000.

Attorneys *(if Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | ☐ 690 Other | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 720 Labor/Management Relations | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| | | | ☐ 751 Family and Medical Leave Act | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | |
| | | ☐ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
58 U.S.C. §2201
Brief description of cause:
Declaratory judgment action pertaining to an ocean/marine policy

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.     DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
04/21/2015

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED SPECIALTY INSURANCE COMPANY | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | C.A. NO. _____ |
| | § | (ADMIRALTY) |
| PORTO CASTELO, INC. AND | § | |
| TRIDENT CIRCLE, INC. | § | |
| | § | |
| | § | |
| Defendants | § | |

<u>PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT</u>

Plaintiff United Specialty Insurance Company ("United Specialty") files this Complaint for Declaratory Judgment as provided by Federal Rules of Civil Procedure 57 and 58 U.S.C. §2201 and Texas Civil Practice and Remedies Code Chapter 37.

<u>I. PARTIES</u>

1.      Plaintiff United Specialty provides Commercial Lines Policy, USA 4055064 ("the Policy"). This Policy provides ocean/marine coverage under the Hull and Protection and Indemnity provisions of the Policy. The Policy was issued to Porto Castelo, Inc. ("Porto Castelo") and Trident Circle, Inc. ("Trident Circle") with effective dates of coverage from August 15, 2014 to August 15, 2015. The Policy is attached hereto and incorporated herein as Exhibit "A." United Specialty is authorized to do business in the State of Texas.

2.      Defendant Porto Castelo, Inc. is a corporation with its principal place of business in the State of Texas. Service of citation may be had by serving its registered agent for service, Ioannis Ploumaritis, 815 Walker Street Suite 953, Houston, TX 77002.

3.      Defendant Trident Circle, Inc. is a corporation with its principal place of business in the

1

State of Texas.  Service of citation may be had by serving its registered agent for service, John Platis,

12003 Briar Forest, Houston, TX 77077.

## JURISDICTION AND VENUE

4.      This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and

Rule 9(h) of the Federal Rules of Civil Procedure.  This matter pertains to coverage provided under a

marine insurance policy, giving rise to the Court's admiralty or maritime jurisdiction.[1]

5.      Venue is proper in this action in the Southern District of Texas because Defendants

maintain offices in Houston, Texas.  Further, Defendants are authorized to do business and/or are

doing business within the jurisdiction of this Court.

## FACTS

6.      Under the Policy, United Specialty insured Porto Castelo and Trident Circle and a 2001

86' Steel B&B boat builders shrimp trawler commercial fisher vessel ("*Miss Eva*").  *Miss Eva* is purported

to be owned by Porto Castelo and/or Trident Circle, Texas corporations.  Pursuant to the declarations

page of the Policy, the *Miss Eva* is insured in the amount of $550,000.00 with a protection and indemnity

limit of $500,000.00 and a crew sublimit of $100,000.00.

7.      On or about December 1, 2014, the *Miss Eva* suffered a catastrophic loss in the Gulf of

Mexico in route to Morgan City, Louisiana.   Upon information and belief, an engine explosion created a

fire onboard and all four crew members were onboard at the time of the fire.

8.      Following the explosion and fire, the crew members were able to abandon the vessel and

were rescued by a nearby platform that rendered aid.  As a result of the incident, the *Miss Eva* sank and

all four crew members sustained varying degrees of injuries and were transported via helicopter to Baton

---

1 *See Insurance Co. of State of Pa. v. Amaral*, 44 F.R.D 45, (S.D. Tex. 1968) (noting that "an action upon a maritime insurance policy is within the admiralty and maritime jurisdiction of the federal courts).

Rouge for hospitalization and/or medical treatment.

9.      On December 11, 2014, Porto Castelo and Trident Circle received a Notice of Federal
Interest for a FWPCA incident that an oil pollution incident had occurred as a result of the *Miss Eva*
sinking.  In an email also dated December 11, 2014, Lt. Chris Mosquera, Investigating Officer , MSU
Morgan City told Porto Castelo and Trident Circle that the Coast Guard had deemed the *Miss Eva* to be
a hazard to navigation and had ordered its removal.  To date, Porto Castelo and Trident Circle have not
removed the *Miss Eva*.

10.      In email correspondence dated December 16, 2014, Porto Castelo and Trident Circle's
counsel inquired about coverage and demanded that United Specialty tender the full limits of the Hull
portion of the Policy.

11.      On December 17, 2014, United Specialty responded to counsel's demand by advising
that the Total Loss Section of the Hull portion of the Policy provides that "[t]here shall be no recovery
for a constructive total loss hereunder unless the expense of recovering and repairing the Vessel would
exceed the Agreed Value [$550,000.00]."  Based on this provision, United Specialty advised that it was
treating Porto Castelo and Trident Circle's demand as tender of abandonment and that United Specialty
acknowledged the *Miss Eva* to be a constructive total loss.  United Specialty enclosed payment of the
Agreed Value in the amount of $550,000.00.  United Specialty advised that the Policy excluded coverage
for claims, loss, costs or expense, fine, penalty, or other sum directly or indirectly arising out of the
removal of *Miss Eva*.  United Specialty seeks a declaration that it has met its obligation under the Hull
portion of the Policy by tendering the Agreed Value of $550,000.00, that no further amount is due
under the Hull portion of the Policy, and that the Policy excludes coverage for claims, loss, costs or
expense, fine, penalty, or other sums directly or indirectly arising out of the removal of *Miss Eva*.

12.      On December 18, 2014, United Specialty issued a reservation of rights letter to Porto

3

Castelo and Trident Circle, acknowledging coverage under the Protection and Indemnity portion of the Policy for the claims being made by the four crew members under the applicable crew sublimit, i.e. that based on the language in the Protection and Indemnity portion of the Policy, the $100,000.00 crew sublimit applied in total to the claims being made by the four crew members.   United Specialty also advised that "the Policy's limit applies to both loss and damage as well as costs, fees, and expenses and is thus an eroding policy." Further, pursuant to Endorsement G of the Policy, the Oil Pollution Act Disclaimer Clause, and the Total Pollution Exclusion Endorsement, United Specialty declined to provide coverage for the removal of the *Miss Eva* and coverage for any claims, liabilities or damages against Porto Castelo and Trident Circle involving oil pollution, petroleum products, chemicals and other substances.

13.   On January 13, 2014, counsel for Porto Castelo and Trident Circle contested the crew sublimit of $100,000.00 being divided among the four crew members, arguing that the sublimit is not based on occurrence but applies on a per claim basis.

14.   On February 3, 2015, United Specialty responded to Porto Castelo and Trident Circle's counsel and stated that the crew sublimit applied to crew member claims arising out of an occurrence, with the occurrence being the explosion of the *Miss Eva*. Additionally, United Specialty explained that "[s]ublimits limit the amount of coverage available for certain types of loss to amounts less than the limits of liability stated on the Policy Declarations." Thus, United Specialty contended that the limit of insurance available under the Policy for all crew member claims arising out of the explosion is $100,000.00, regardless of how many crew members sustained injury as a result of the explosion.

15.   As a result of the incident, Captain Joseph Ryan Barcott allegedly sustained second degree burns or worse to over sixty percent of his body.  Upon information and belief, he was hospitalized in Baton Rouge for an extended time with the expectation to be released to a rehabilitation

center.  As a result of his injuries, Mr. Barcott has filed a Jones Act lawsuit against Porto Castello and Trident Circle in the 113th Judicial District of Harris County, Texas.

16.     Crew Member Ivan Rodriguez was also hospitalized and purportedly sustained second and third degree burns to his face, upper extremities, right hand and back.  As a result of his injuries, he claims his medical treatment to be in excess of $130,000.00.  On March 26, 2015, his counsel sent a demand to Porto Castelo and Trident Circle in the amount of $100,000.00, the entirety of the Policy crew sublimit.

17.     Crew Member Javier Altamirano claims to have suffered injuries to his arm and back as a result of the incident.  On March 26, 2015, his counsel sent a demand to Porto Castelo and Trident Circle in the amount of $100,000.00, the entirety of the Policy crew sublimit.

18.     Crew Member Juan Zamora alleges he sustained injuries to his back, bilateral elbows, and left knee.  On March 26, 2015, his counsel sent a demand to Porto Castelo and Trident Circle in the amount of $100,000.00, the entirety of the Policy crew sublimit.

19.     In in its December 18, 2014 correspondence, United Specialty agreed to provide Porto Castelo and Trident Circle with a defense to the crew member claims pursuant to the $100,000.00 Crew Sublimit.  To date, United Specialty has issued reimbursement checks to Porto Castelo and Trident Circle in the amount of $9,966.70 for defense costs and $4,000.00 for maintenance and cure for the crew.  Additionally, Porto Castelo and Trident Circle have requested an additional $27,566.70 in reimbursement related to crew members' injuries and maintenance and cure payments.  To date, United Specialty has not received a request for the full reimbursement of Mr. Rodriguez's purported $130,000.00 in medical expenses but expects this request to be forthcoming.  Given that both Porto Castelo and Trident Circle's and the crew members' demands are in excess of the crew sublimit, United Specialty seeks a declaration as to its obligation and duties under the Protection and Indemnity portion

5

of the Policy.

## DECLARATORY JUDGMENT

20.    United Specialty incorporates by reference paragraphs 1 through 19 of its Complaint for Declaratory Judgment.

21.    Pursuant to the Policy, Porto Castelo and Trident Circle's claims are subject to the terms and conditions of the Policy.  The Total Loss section of the Hull Clauses Coverage Form of the Policy provides "[t]here shall be no recovery for a constructive total loss hereunder unless the expense of recovering and repairing the Vessel would exceed the Agreed Value."

22.    The "Oil Pollution Act Disclaimer Clause" Endorsement states that the Policy "does not constitute evidence of financial responsibility under the Oil Pollution Act of 1990…."

23.    The "Total Pollution Exclusion" Endorsement provides that "this Policy does not insure against any loss, damage, cost, liability, expense, fine or penalty, or any kind or nature whatsoever, imposed on the Assured, directly or indirectly, in consequence of, or with respect to, the actual or potential discharge, emission, spillage or leakage upon or into the seas, waters, land or air, of oil, petroleum products, chemicals or other substances of any kind or nature whatsoever."

24.    Coverage for Porto Castelo and Trident Circle's claim regarding its potential responsibilities to the Coast Guard and United States Government with regard to any and all oil pollution or water pollution is precluded under the "Oil Pollution Act Disclaimer Clause" Endorsement and the "Total Pollution Exclusion" Endorsement of the Policy.  United Specialty seeks a declaration that no coverage is due to Porto Castelo and Trident Circle for any claims, liabilities, or damages involving pollution due to oil, petroleum products, chemicals or other substances under these Endorsements.

25.    As United Specialty has acknowledged the *Miss Eva* to be a constructive total loss and

6

has tendered to Porto Castelo and Trident Circle the Agreed Value of $550,000.00, United Specialty seeks a declaration that it has met its obligation under the Hull portion of the Policy by tendering the Agreed Value of $550,000, that no further amount is due under the Hull portion of the Policy, and that pursuant to Endorsement G of the Policy, coverage is excluded for claims, loss, costs or expense, fine, penalty, or other sums directly or indirectly arising out of the removal of *Miss Eva*.

26.     With regard to the Protection and Indemnity section of the Policy, Porto Castelo and Trident's claims are subject to the terms and conditions of that section of the Policy as set forth below:

> Loss, if any, payable to Assured or order:
>
> …
>
>
> In consideration of the premium and subject to the warranties, terms and conditions herein mentioned, this Company hereby undertakes to pay up to the amount hereby insured and in conformity with the Loss Payable provisions hereof, such sums as the Assured, as owner of the vessels described on the Declarations Page shall have become legally liable to pay and shall have paid on account of:
>
> a) Loss of life of, or injury to, or illness of, any person;
>
> b) Hospital, medical, or other expenses necessarily and reasonably incurred in respect of loss of life of, injury to, or illness of any member of the crew of the vessel named herein;
>
> …
>
> d) Costs or expenses of, or incidental to, the removal of the wreck of the vessel named herein when such removal is compulsory by law; provided,

7

however, that there shall be deducted from such claim the value of any

salvage recovered from the wreck by the Assured;

…

f) Costs and expenses, incurred with this Company's approval, of investigating

and/or defending any claim or suit against the Assured arising out of a

liability or an alleged liability of the Assured covered by this policy.

Liability hereunder in respect of loss, damage, costs, fees, expenses or claims

arising out of or in consequence of any one occurrence is limited to the

amount hereby insured. (For the purpose of this clause each occurrence shall

be treated separately, but as a series of claims hereunder arising from the

same occurrence shall be treated as due to that occurrence).

27.     Endorsement G provides that the Policy "does not cover claims, loss, costs or expense,

fine, penalty, or other sum either directly or indirectly arising out of the removal of wreck of any vessel

or its appurtenances or its equipment stored or used on said vessel…"   Additionally, Endorsement G

deletes the following wording from the Protection and Indemnity section: "[c]osts or expenses of, or

incidental to, the removal of the wreck of the vessel named herein when such removal is compulsory by

law; provided, however, that there shall be deducted from such claim the value of any salvage recovered

from the wreck by the Assured."

28.     The "Absolute Exclusion Punitive and Exemplary Damages" Endorsement provides

that "in no case shall this Policy insure, indemnify, and/or cover fines, penalties, punitive or exemplary

damages, nor shall this policy insure, indemnify, or cover treble damages or any other damages resulting

from the multiplication of compensatory damages."

29.     Further, the "Cross Liability Exclusion" Endorsement provides that under the

8

Protection and Indemnity form of the Policy, "this policy shall not cover claims for an Assured against another Assured, nor shall it apply to claims against property of another Assured."

30.     Coverage for the crew members' claims against Porto Castelo and Trident Circle is available under the applicable crew member sublimit.  The $100,000.00 crew sublimit applies per occurrence with the explosion of the *Miss Eva* constituting the occurrence.  Therefore, the $100,000.00 crew sublimit applies in total to the claims being made by the four crew members.  Pursuant to the Protection and Indemnity section of the Policy, the crew sublimit is reduced by payment of loss, damage, costs, fees and expenses. Therefore, United Specialty seeks a declaration that its right and duty to defend Porto Castelo and Trident Circle against the crew members' claims ends once United Specialty has paid $100,000.00 towards the payment of loss, settlements, and defense expenses regarding the crew members' claims.

31.     Coverage for Porto Castelo and Trident Circle's liabilities with regard to fines, penalties, punitive or exemplary damages is precluded under the "Absolute Exclusion Punitive and Exemplary Damages" Endorsement of the Policy and United Specialty seeks a declaration that there is no coverage for any such damages awarded against Porto Castelo and Trident Circle.

32.     Coverage for Porto Castelo and Trident Circle's claims against each other are precluded under the "Cross Liability Exclusion" Endorsement of the Policy and United Specialty seeks a declaration that there is no coverage for any such claims by an Assured against another Assured.

33.     Coverage for Porto Castelo and Trident Circle's claim regarding removal of the *Miss Eva* is precluded under Endorsement G of the Policy and United Specialty seeks a declaration that there no coverage for the removal of *Miss Eva* is due to Porto Castelo and Trident Circle.

34.     As set forth above in the Hull section of the Policy, United Specialty requests this Court to enter an Order declaring that it has met its obligation under the Hull portion of the Policy by

9

tendering the Agreed Value of $550,000.00, that no further amount is due under the Hull portion of the Policy, and that the Policy excludes coverage for claims, loss, costs or expense, fine, penalty, or other sums directly or indirectly arising out of the removal of *Miss Eva*. Accordingly, United Specialty has no further duty to further cover, defend or indemnify Porto Castelo and Trident Circle under the Hull section for any other losses and/or damages which arose from the December 1, 2014 incident and subsequent sinking of *Miss Eva*. Additionally, as set forth in the Protection and Indemnity section of the Policy, United Specialty requests that this Court enter an Order declaring that United Specialty has no duty to cover, defend, or indemnify Porto Castelo and Trident Circle with respect to any claims they may assert against each other. Additionally, United Specialty further requests this Court enter an Order that under the Protection and Indemnity portion of the Policy, United Specialty's right and duty to cover and defend Porto Castelo and Trident Circle against the crew members' claims ends once United Specialty has paid $100,000.00 toward the payment of loss, settlements, and defense expenses regarding the crew members' claims.

## REQUEST FOR ATTORNEYS' FEES

35.     United Specialty seeks to recover its reasonable and necessary attorneys' fees and court costs pursuant to admiralty law and applicable federal and Texas state law pertaining to declaratory judgment actions. United Specialty is entitled to recover its attorneys' fees and court costs through and including trial of this case, plus all post-verdict and post-judgment motions, as well as all appeals and appellate steps taken in connection with this matter.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that citation be issued and served upon Defendants and that upon final hearing, Plaintiff has and recovers a judgment against Defendants for:

10

2616635.1

(a).    The declaratory relief prayed for herein;

(b).    Reasonable and necessary attorney's fees; and

(c).    All costs of suit.

In addition, Plaintiff prays for such other and further relief, both general and special, at law or in equity, to which it may be justly entitled.

<div style="margin-left:40%">

Respectfully submitted,

**GRAY REED & MCGRAW P.C.**

*/s/ Julia M. Palmer*
Julia M. Palmer
State Bar No. 08710800
Brett W. Chalke
State Bar No. 24088793
1300 Post Oak Blvd., Suite 2000
Houston, Texas  77056
Telephone: (713) 986-7000
Facsimile: (713) 986-7100
jpalmer@grmlaw.com
bchalke@grmlaw.com

**ATTORNEYS   FOR   PLAINTIFF   UNITED
SPECIALTY INSURANCE COMPANY**

</div>

11

2616635.1